IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALI CHIRINO GARCIA, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-592-E-BK |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF SSA, | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act*, Doc. 23, is now before the Court for the issuance of findings and a recommended disposition. For the reasons that follow, Plaintiff's application should be **GRANTED**.

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff seeks $6,023.76 in attorney's fees, plus reimbursement of the $402.00 filing fee. Doc. 23 at 6. Having considered Plaintiff's motion, Defendant's no-opposition response, Doc. 24, and the applicable law, the Court finds the request reasonable and recommends that Plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act*, Doc. 23, be **GRANTED** in the amount of $6,425.76.

EAJA awards are payable directly to the prevailing party, not the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010). Accordingly, the award of attorney's fees should be made payable directly to Plaintiff but sent in care of her attorney. *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

**SO RECOMMENDED** on October 12, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).